UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HUSAR,

        Petitioner,

Case No. 08-20339

Honorable John Corbett O'Meara

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION

This matter came before the court on petitioner John Husar's motion to vacate, set aside, or correct sentence. The government filed a response, and no oral argument was heard.

## BACKGROUND FACTS

Petitioner John Andrew Husar pleaded guilty August 18, 2010, to Conspiracy to Commit Bank Fraud, agreeing that the three remaining counts of the indictment would be dismissed after he was sentenced. In his Rule 11 plea agreement, the sentencing guidelines were calculated at 41-51 months and included a provision that unless he was sentenced to greater than 51 months, he waived his right to appeal both his sentence and his conviction. The plea agreement also acknowledged that Petitioner might qualify for a reduction in sentence if his cooperation was substantial under U.S.S.G. 5K1.1. Although he was debriefed on several occasions, the government found that the information he provided was not substantial; therefore, no 5K1.1 motion was filed and no promise was made to do so. Husar was sentenced to 36 months in custody followed by three years' supervised release and was required to pay $5,753,734 in restitution to various financial institutions.

In his motion filed pursuant to 28 U.S.C. § 2255, Husar asserts that his trial counsel rendered ineffective assistance of counsel in the following ways: 1) failing to argue that the "safety valve" should be applied to his sentence; 2) engaging in unethical conduct by insisting that Husar make payments in addition to those received as appointed counsel; 3) failing to secure a binding 5K1.1 agreement with the government; and 4) persuading him to dismiss his direct appeal.

## LAW AND ANALYSIS

In order to show ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, even if counsel's performance was deficient, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner Husar's first claim is that his counsel was ineffective because he failed to raise the issue of "safety valve" with the court and even failed to discuss it with him. However, the provision in 18 U.S.C. § 3553(f), which is nicknamed the "safety valve," applies only to violations of the Controlled Substances Act that carry mandatory minimum sentences. It does not apply to Husar's conviction.

Husar's second claim is that his attorney solicited money from him in addition to the fees he was receiving as federally-appointed counsel. However, according to the affidavit provided by Husar's counsel, Husar initially paid a $5,000 retainer. When additional fees were due and Husar was unable to pay, the government agreed to allow his previously retained counsel to be appointed by the court. At the time of the appointment, Husar owed his counsel an amount of money that was

reduced to $1,500. According to his counsel's affidavit, Husar paid only $550. There is nothing in the record to support Husar's allegations that he was pressured for money, that he paid over $3,000, or that the payments were for services rendered during the appointed representation.

In addition, Petitioner claims that his counsel was ineffective by failing to secure a binding 5K1.1 agreement with the government. However, the government would have filed a motion for downward departure if, and only if, Husar had provided it with substantial assistance. The government found that he failed to provide such assistance; therefore, no motion was filed.

Finally, Petitioner claims that his counsel provided unreasonable advice by suggesting that he dismiss his direct appeal because there were no worthy issues. Pursuant to his Rule 11 plea agreement, Husar waived his right to appeal because his sentence did not exceed the maximum allowed.

## ORDER

It is hereby **ORDERED** that petitioner Husar's motion to vacate, set aside, or correct sentence is **DENIED.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: July 18, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 18, 2013, using the ECF system and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager